# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, | Case No. 1:14-cv-00083-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| R. LILES, et al., | (ECF No. 39) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.    Introduction**

Plaintiff Ivan Lee Matthews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2016, the Court found that Plaintiff's fourth amended complaint stated cognizable claims against Defendants Liles, Sherrett, and Cable ("Defendants") for retaliation and denial of access to the courts in violation of the First Amendment arising from the denial of Plaintiff's legal papers. (ECF No. 22.)

On September 6, 2016, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). By their motion, Defendants seek to dismiss the fourth amended complaint on the grounds that Plaintiff failed to state claims for retaliation and denial of access to courts in violation of the First Amendment and Defendants are entitled to qualified immunity. In addition,

1

Defendants move to strike Plaintiff's request for punitive damages as not recoverable as a matter of law based on the facts alleged, pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 39.) On September 29, 2016, Plaintiff opposed the motion, and Defendants replied on October 5, 2016. (ECF Nos. 43, 45.) The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendants' motion to dismiss be granted in part and denied in part.

## II. Summary of Relevant Allegations in the Fourth Amended Complaint

Plaintiff is currently a state prisoner housed at Salinas Valley State Prison in Soledad, California. At the time of the events alleged in the complaint, Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. Prior to Plaintiff's transfer to CCI, he was pursuing civil rights actions and habeas petitions in Monterey County Superior Court, Kings County Superior Court, and the California Court of Appeal.

On April 4, 2012, Plaintiff transferred to CCI. At that time, Defendant Liles was a correctional sergeant and Defendants Sherrett and Cable were property officers.

On April 19, 2012, Defendants Liles, Sherrett, and Cable obstructed Plaintiff's right to pursue civil rights actions and habeas corpus petitions in Monterey County Superior Court, Kings County Superior Court, and the California Court of Appeal. Defendants took this adverse action against Plaintiff as retaliation, which caused actual injury by the dismissal of his court cases. Plaintiff alleges that he was unable to meet the courts' time limitations to file a response because he was deprived of 1,500 to 2,000 pages of his trial transcripts, 6 briefs, and 2 habeas corpus petitions that were required to be used in his cases after he was processed into CCI. Defendants Liles, Sherrett, and Cable also deprived Plaintiff of property valued at $400.00 because he filed 602 appeals and staff complaints.

On April 19, 2012, Plaintiff talked to Defendants Sherrett and Cable about the deprivation of trial transcripts, briefs, habeas corpus petitions, and property valued at $400.00. Plaintiff told Defendants that he had pending court deadlines to meet and needed possession of his legal and personal property. Defendants reportedly responded that Plaintiff did not have "shit coming" and if he wanted the items, then he should appeal or get it through the courts, since he knows how to

2

1 | sue people.

2 | In June 2012, Plaintiff spoke to Defendant Liles about the refusal of Defendants Sherrett and Cable to return the trial transcripts, briefs, habeas petitions, and property valued at $400.00. Plaintiff also told Defendant Liles about his pending court deadlines. Defendant Liles indicated that he know of Plaintiff's situation. Plaintiff asked if Defendant Liles was going to have Plaintiff's legal materials and property returned due to imminent and overdue court deadlines. Defendant Liles responded that it was not his problem and Plaintiff should 602 appeal it.

On April 20 and 23, 2012, Plaintiff submitted a CDCR 22 Request for Interview, Item, or Service Form addressed to Defendants Liles, Sherrett, and Cable requesting that they return his trial transcripts, briefs, habeas corpus petitions, and personal property valued at $400.00. Plaintiff did not receive a response.

On May 20, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett, and Cable to the appeals coordinators. Plaintiff did not receive a response.

On or about June 18 or 19, 2012, Plaintiff submitted another staff complaint/602 appeal against Defendants Liles, Sherrett, and Cable. On July 12, 2012, Plaintiff received a 602 rejection at the first level. On July 14, 2012, Plaintiff resubmitted the staff complaint/602 appeal with the corrective action necessary as requested. On July 26, 2012, Plaintiff received another 602 rejection at the first level.

On July 25, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett, Cable, and appeals coordinators Almori and Jackson to the third level of appeal.[1] On August 22, 2012, the staff complaint was rejected.

### III. Defendants' Motion to Dismiss

#### A. Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42

---

[1] All claims against Defendants Almori and Jackson were dismissed by the Court's May 7, 2015 order screening Plaintiff's third amended complaint, and were not re-pleaded in the fourth amended complaint. (ECF Nos. 16, 18.)

3

(9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996–97 (9th Cir. 2006); Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

### 1. Retaliation

Defendants first move for dismissal on the ground that Plaintiff has failed to state a claim of First Amendment retaliation.  Defendants contend that Plaintiff's allegations regarding the deprivation of his legal papers are vague and conclusory, and contradicted by attachments to the original complaint.  Further, Defendants argue that Plaintiff has failed to establish at least three of the required elements for a First Amendment retaliation claim.

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under § 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31

F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

On review, the Court finds that Plaintiff's fourth amended complaint states a claim for retaliation. Contrary to Defendants' assertion, Plaintiff has sufficiently pled that Defendants' conduct was "because of" Plaintiff's protected conduct, and that Defendants acted in the absence of legitimate correctional goals. Plaintiff alleges that when he spoke with Defendants Sherrett and Cable regarding his property and upcoming court deadlines, Defendants responded "[You] don't got shit coming and if you want it to 602-appeal it, or get it through the courts since you know how to sue people" and walked off. (ECF No. 18, p. 6.) Similarly, when Plaintiff spoke with Defendant Liles, he was told, "That's not my problem, if you want it to 602-appeal it since you know how to litigate." (Id.) On the facts alleged, Defendants provided Plaintiff with no other reasons for their conduct than the filing of Plaintiff's grievances and law suits. It is reasonable to infer from these allegations that Defendants were aware of Plaintiff's court deadlines, withheld his property in retaliation, and that Defendants' actions were not motivated by legitimate correctional goals.

Defendants' argument that Plaintiff has failed to allege facts establishing that his First Amendment rights were chilled or suppressed, in part because Plaintiff continued to file grievances and lawsuits after these events, is unavailing. Plaintiff is not required to demonstrate a total chilling of his First Amendment rights. Rhodes, 408 F.3d at 569. Plaintiff has alleged that the deprivation of his property prevented him from meeting his court deadlines. This is sufficient to allege a chilling effect on the exercise of his First Amendment rights.

**2. Denial of Access to Courts**

Defendants next argue that Plaintiff has failed to state a cognizable access to courts claim. Defendants assert that Plaintiff has failed to show an actual injury, that his lawsuits were not the type of claims protected by the right of access to courts, that he was prevented from filing a complaint, and that Defendants acted in the absence of a legitimate penological goal.

5

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or conditions of their confinement to conclusion without active interference by prison officials); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655. In addition, delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362.

Defendants' argument regarding the requirement that Plaintiff be prevented from initiating rather than maintaining a court action is unpersuasive. The Ninth Circuit differentiates between two types of access to court claims: "those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." Silva, 658 F.3d at 1102 (emphasis in original). Defendants are correct that the right of assistance, such as adequate law libraries or assistance from persons trained in the law, is limited to the pleading stage. Lewis, 518 U.S. at 384. However, prisoners also have a right to access the courts without undue interference, and this protection extends beyond the pleading stages. Silva, 658 F.3d at 1103 (citing cases). Thus, Plaintiff's allegation that he missed court deadlines, even though the deadlines were not for initiating a court action, due to the deprivation of his property by Defendants, is sufficient.

Defendants next argue that Plaintiff has failed to allege an actual injury due to the dismissal of his cases, and that he has not sufficiently alleged that his lawsuits were the types of claims protected the right of access to courts doctrine. The Court agrees. Though Plaintiff states that due to the deprivation of his property, his pending civil rights actions and habeas petitions were dismissed, Plaintiff does not set forth any facts, in the complaint or any attachments,

describing underlying claims that were "nonfrivolous" or "arguable."[2] Lewis, 518 U.S. at 353. In addition, when asserting a backward-looking denial of access claim which seeks vindication for an opportunity already lost, the complaint "must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Christoper v. Harbury, 536 U.S. 403, 415 (2002). Plaintiff has not done so. Even drawing all reasonable inferences in favor of Plaintiff, the complaint fails to allege a cognizable access to courts claim.

### B. Qualified Immunity

Defendants next contend that they are entitled to qualified immunity. In determining whether an official is entitled to qualified immunity, courts employ a two-pronged inquiry. First, the court must consider whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right[.]" Saucier v. Katz, 533 U.S. 194, 201 (2001). Second, the court must determine whether the right was "clearly established in light of the specific context of the case" at the time of the events in question. Mattos v. Agarano, 661 F.3d 433, 440 (9th Cir. 2011) (citing Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009) and Saucier v. Katz, 533 U.S. 194, 201 (2001)). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Lal v. California, 746 F.3d 1112, 1116 (9th Cir. 2014) (citation omitted), cert. denied, 135 S. Ct. 455 (2014).

Having considered the parties' arguments, the Court finds that Defendants are not entitled to qualified immunity at this stage of the litigation. As discussed above, Plaintiff has alleged facts that, if true, state a cognizable claim for retaliation, leaving on the second determination of whether the right was clearly established. The salient question is whether the state of the law in 2012 gave Defendants fair warning that their alleged treatment of Plaintiff was unconstitutional. Hope v. Pelzer, 536 U.S. 739, 741 (2002).

---

[2] Plaintiff attached to his opposition copies of orders from the Monterey County Superior Court and the Fifth District Court of Appeal. Contrary to Defendants' assertion, the Court may take judicial notice of "matters of public record" such as orders filed in state court cases when ruling on a motion to dismiss. Fed. R. Evid. 201; Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986)). Nevertheless, consideration of these orders does not change the Court's analysis.

Defendants contend that "no reasonable officer in Defendants' positions would have known that directing Plaintiff to file a 602 appeal when he complained to them about the deprivation of his legal paperwork would violate the Constitution." (ECF No. 39, p. 23.) However, by 2012, the prohibition against retaliatory conduct was clearly established. Rhodes, 408 F.3d at 569; Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003). Thus, a reasonable officer would have known that he could not take adverse action against an inmate for filing a grievance or pursuing a lawsuit. Rhodes, 408 F.3d at 567, Bruce, 351 F.3d at 1288. What the evidence will show remains to be seen, but under the circumstances as alleged at the pleading stage, Defendants are not entitled to qualified immunity.

### C. Request to Strike Punitive Damages

Finally, Defendants argue that Plaintiff's request for punitive damages should be stricken as a matter of law, pursuant to Federal Rule of Civil Procedure 12(f). The Ninth Circuit has clearly stated that Rule 12(f) does not authorize a district court to strike "a claim for damages on the basis that it is precluded as a matter of law." Ferretti v. Pfizer Inc., 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012). Rather, a motion to strike challenging the sufficiency of a claim for punitive damages is more appropriately considered as a Rule 12(b)(6) motion to dismiss. See, e.g., Guarantee Real Estate v. Hanover Ins. Co., Case No. 1:14-cv-00860-TLN-MJS, 2014 WL 5817536, at *5 (E.D. Cal. Nov. 7, 2014).

Federal Rules of Civil Procedure 8 and 9 set the pleading standards that must be met in federal court. Coppola v. Smith, Case No. 1:11-cv-1257 AWI BAM, 2013 WL 6000566 at *9 (E.D. Cal. Nov. 12, 2013) (citations omitted). Accordingly, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), but a request for punitive damages must nevertheless satisfy the standards articulated by Rule 8, Iqbal, 556 U.S. at 678 and Twombly, 550 U.S. at 555.

Taking the facts alleged as true, Defendants deprived Plaintiff of his legal property in retaliation for his filing lawsuits, and after Plaintiff informed Defendants of his impending court deadlines. "It is well established that a 'jury may award punitive damages under section 1983 when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or

callous indifference to the constitutional rights of others.'" Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 2003) (internal citations omitted). The Court does not find, as a matter of law, at this stage of the litigation, that Plaintiff's allegations against Defendants could not give rise to an inference of reckless disregard of his rights under the First Amendment, and recommends that the request to strike be denied.

## IV. Conclusion and Recommendation

The Court finds that Plaintiff's fourth amended complaint states a cognizable First Amendment retaliation claim, but fails to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards and granted leave to amend multiple times, Plaintiff has been unable to cure the deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss (ECF No. 39) be GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion to dismiss Plaintiff's claim for retaliation be denied;
2. Defendants' motion to dismiss Plaintiff's claim for denial of access to courts be granted;
3. Defendants' motion to dismiss this action on the ground of qualified immunity be denied; and
4. Defendants' motion to strike the request for punitive damages be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

///

///

///

appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 1, 2017**　　　　　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE