# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>        Plaintiff,<br><br>  v.<br><br>R. LILES, et al.,<br><br>        Defendants. | Case No. 1:14-cv-00083-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Ivan Lee Matthews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

**I.    Procedural Background and <u>Williams v. King</u>**

      On January 25, 2016, the Court screened Plaintiff's fourth amended complaint and found that he stated cognizable claims for retaliation and denial of access to courts in violation of the First Amendment against Defendants Liles, Sherrett, and Cable arising from the denial of Plaintiff's legal papers. The Court dismissed Defendant Grant without prejudice, and dismissed all other claims and defendants from this action. (ECF No. 22.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c), based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.) This case has proceeded on Plaintiff's claims against Defendants Liles, Sherrett, and Cable.

1

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, all Defendants were not yet served at the time that the Court screened the fourth amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.

Finally, as the parties are aware, the litigation in this case has proceeded through several stages since the complaint was screened in January 2016. On September 25, 2017, the District Judge issued an order adopting the undersigned's findings and recommendations, grant in part and denying in part Defendants Liles, Sherrett, and Cable's motion to dismiss. The District Judge dismissed Plaintiff's denial of access to courts claim and ordered that this action proceed against Defendants Liles, Sherrett, and Cable only on the claim for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers. (ECF No. 51.) Thereafter, on October 10, 2017, Defendants Liles, Sherrett, and Cable filed a motion for summary judgment. (ECF No. 53.)

The Court clarifies for the parties that the instant findings and recommendations are based upon a screening of the allegations in Plaintiff's fourth amended complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), at the time that it was filed, and only address the claims and defendants which were previously dismissed from this action on January 25, 2016. The Court makes no findings on the merits of the arguments, defenses, or affirmative defenses raised in the pending motion for summary judgment. Separate findings and recommendations will be issued on that motion in due course.

**II.    Findings and Recommendations on Fourth Amended Complaint**

   **A.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

   **B.    Plaintiff's Allegations**

Plaintiff is currently housed at Salinas Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names the following defendants: (1) Sgt. R. Liles; (2)

Officer J. Sherrett; (3) Officer J. Cable; and (4) Officer P. Grant.

Plaintiff alleges: Prior to Plaintiff's transfer to CCI, he was pursuing civil rights actions and habeas petitions in Monterey County Superior Court, Kings County Superior Court and the California Court of Appeal.

On April 4, 2012, Plaintiff transferred to CCI. At that time, Defendants Liles was a correctional sergeant and Defendants Sherrett and Cable were property officers. Defendant Grant was a correctional law library officer.

On April 19, 2012, Defendants Liles, Sherrett and Cable obstructed Plaintiff's right to pursue civil rights actions and habeas corpus petitions in Monterey County Superior Court, Kings County Superior Court and the California Court of Appeal. Defendants took this adverse action against Plaintiff as retaliation, which caused actual injury by the dismissal of his court cases. Plaintiff alleges that he was unable to meet the courts' time limitations to file a response because he was deprived of 1,500 to 2,000 pages of his trial transcripts, 6 briefs and 2 habeas corpus petitions that were required to be used in his cases after he was processed into CCI. Defendants Liles, Sherrett and Cable also deprived Plaintiff of property valued at $400.00 because he filed 602 appeals and staff complaints.

On April 19, 2012, Plaintiff talked to Defendants Sherrett and Cable about the deprivation of trial transcripts, briefs, habeas corpus petitions and property valued at $400.00. Plaintiff told Defendants that he had pending court deadlines to meet and needed possession of his legal and personal property. Defendants reportedly responded that Plaintiff did not have "shit coming" and if he wanted the items, then he should appeal or get it through the courts, since he knows how to sue people.

In June 2012, Plaintiff spoke to Defendant Liles about the refusal of Defendants Sherrett and Cable to return the trial transcripts, briefs, habeas petitions and property valued at $400.00. Plaintiff also told Defendant Liles about his pending court deadlines. Defendant Liles indicated that he knew of Plaintiff's situation. Plaintiff asked if Defendant Liles was going to have Plaintiff's legal materials and property returned due to imminent and overdue court deadlines. Defendant Liles responded that it was not his problem and Plaintiff should 602 appeal it.

On April 20 and 23, 2012, Plaintiff submitted CDCR 22 Request for Interview, Item or Service Form addressed to Defendants Liles, Sherrett and Cable requesting that they return him trial transcripts, briefs, habeas corpus petitions and personal property valued at $400.00. Plaintiff did not receive a response.

On May 20, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett and Cable to the appeals coordinators. Plaintiff did not receive a response.

On or about June 18 or 19, 2012, Plaintiff submitted another staff complaint/602 appeal against Defendants Liles, Sherrett and Cable. On July 12, 2012, Plaintiff received a 602 rejection at the first level. On July 14, 2012, Plaintiff resubmitted the staff complaint/602 appeal with the corrective action necessary as requested. On July 26, 2012, Plaintiff received another 602 rejection at the first level.

On July 14, 2012, Plaintiff also submitted a staff complaint/602 appeal against Appeals Coordinators Almori and Jackson for their adverse action and as co-conspirators with Defendants Liles, Sherrett and Cable. Plaintiff contends that Almori and Jackson were in a position to take corrective action and provide him with his property, but failed to do so. Plaintiff contends that the staff complaint/602 appeal filed against Almori and Jackson was never answered or returned.

On July 25, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett, Cable and appeals coordinators Almori and Jackson to the third level of appeal. On August 22, 2012, the staff complaint was rejected.

On July 13, 2013, Plaintiff filed a civil rights action against Defendants Liles, Sherrett, Cable, and appeals coordinators Almori and Jackson in Kern County Superior Court.

On February 7, 2013, the Kern County Superior Court issued an order to show cause.

On February 26, 2014, and December 10, 2013, Plaintiff was scheduled to appear by telephone in Kern County Superior Court. Plaintiff alleges that all of his prior telephone court appearances had been scheduled by Defendant Grant, the law librarian. The failure of Defendant Grant to timely summon Plaintiff to the library obstructed his right of access to the courts. By failing to appear on February 26, 2014, and December 20, 2013, Plaintiff's petition/case was dismissed and he was sanctioned. Plaintiff alleges that Defendant Grant took this action because

of Plaintiff's 602 appeals, staff complaints and civil actions. Plaintiff further alleges that at his previous law library sessions, he informed Defendant Grant about the court ordered dates for court calls and showed him the court's orders. However, Defendant Grant failed to call or summon Plaintiff to the law library.

On December 29, 2012, Defendant Grant came to Plaintiff's cell and used improper language. Plaintiff told Defendant Grant that he retaliated against Plaintiff on November 16, 2012, when Plaintiff handed him another inmate's legal materials for copying that day due to a court deadline. Defendant Grant failed to copy and return the inmate's legal materials because Plaintiff had written a 602 complaint against Defendant Grant. Plaintiff asserts that Defendant Grant went beyond his job duties by coming to Plaintiff's cell and cursing him out. Plaintiff contends that Defendant Grant's statements placed Plaintiff's life in danger by labeling him a rat and snitch in front of other inmates. Plaintiff contends that Defendant Grant conspired with Defendants Liles, Sherrett and Cable.

Plaintiff asserts claims for retaliation, denial of access to courts and denial of due process.

**C.     Discussion**

**1.     Federal Rules of Civil Procedure 18 and 20**

Plaintiff is asserting claims against different defendants based on different events. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not pursue unrelated claims for denial of access to the courts against multiple defendants for unrelated events. For instance, Plaintiff may not pursue claims relating to

the denial of trial transcripts and legal papers against Defendants Liles, Cable and Sherrett, while simultaneously pursuing claims related telephonic appearances against Defendant Grant in unrelated instances.

To the extent Plaintiff is attempting to maintain multiple claims against multiple defendants in a single action by alleging a conspiracy, he may not do so. Plaintiff has failed to adequately allege any facts supporting such a claim.

A conspiracy claim brought under section 1983 requires proof of " 'an agreement or meeting of the minds to violate constitutional rights,' " Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540−41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward Cty., Okla., 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' " Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff's allegations are not sufficient to state a cognizable claim regarding an agreement or meeting of the minds amongst all the defendants. Accordingly, as discussed below, this action will be limited to Plaintiff's claims against Defendants Liles, Sherrett and Cable.

### 2. Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v.

Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff states a cognizable retaliation claim against Defendants Liles, Sherrett, and Cable related to the denial of his legal materials.

Although Plaintiff is attempting to assert a retaliation claim against Defendant Grant related to the failure to summon Plaintiff for his telephonic court appearances, Plaintiff cannot pursue unrelated claims against unrelated parties in a single action. Plaintiff is not precluded from filing a new action to pursue this claim, and the Court will recommend that Defendant Grant be dismissed without prejudice.

### 3. Deprivation of Property

Plaintiff appears to complain about the deprivation of his legal property. While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

To the extent Plaintiff claims that his legal property was intentionally taken as a form of retaliation, this is an unauthorized, intentional deprivation. Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett, 31 F.3d at 816–17 (citing Cal. Gov't Code §§ 810–895). Accordingly, Plaintiff has failed to state a cognizable claim for the alleged deprivation of his legal property. This deficiency cannot be cured by amendment.

### 4. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their

sentences or conditions of their confinement to conclusion without active interference by prison officials); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

At the pleading stage, Plaintiff has stated a cognizable claim for denial of access to the courts against Defendants Liles, Sherrett, and Cable. As noted above, any claim for denial of access to the courts against Defendant Grant must be pursued in a separate action.

### 5. Claim Arising From Inmate Appeals

To the extent Plaintiff attempts to assert liability related to the processing and rejection of his inmate appeals by Almori and Jackson, he may not do so. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640. This deficiency cannot be cured by amendment.

### III. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims arising out of the alleged deprivation of his property or the administrative appeals process be dismissed from this action for the failure to state a claim upon which relief may be granted; and

///

2. Defendant Grant be dismissed from this action, without prejudice, for the failure to state any cognizable claims for relief against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 20, 2017**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE