# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. LILES, et al,<br><br>　　　　Defendants. | Case No. 1:14-cv-00083-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 59) |

Plaintiff Omar Garcia, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Liles, Sherrett, and Cable have appeared in this action, and Defendant Grant has not.

On January 25, 2016, the assigned magistrate judge screened Plaintiff's fourth amended complaint and found that he stated cognizable claims for retaliation and denial of access to courts in violation of the First Amendment against Defendants Liles, Sherrett, and Cable arising from the denial of Plaintiff's legal papers. (ECF No. 22.) The magistrate judge dismissed all other claims and defendants, with prejudice, for failure to state a claim. (Id.) On September 25, 2017, the undersigned granted in part and denied in part Defendants Liles, Sherrett, and Cable's motion to dismiss. (ECF No. 51.) This action now proceeds against Defendants Liles, Sherrett, and

///

///

1

Cable only on the claim for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers.[1]  (Id.)

On December 20, 2017, the assigned magistrate judge re-screened Plaintiff's fourth amended complaint, recognizing that a recent Ninth Circuit opinion, Williams v. King, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as Plaintiff did here.  (ECF No. 59.)  Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims.  (Id.)  The parties were given fourteen days to file objections to those findings and recommendations.  Following an extension of time, Plaintiff timely filed objections on February 12, 2018.  (ECF No. 62.)  No other objections were filed, and the time in which to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case.  The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

As indicated, the Court has reviewed Plaintiff's objections.  Plaintiff apparently objects to the magistrate judge's finding that he has failed to state a cognizable claim for denial of access to the courts against Defendants Liles, Sherrett, and Cable.  Plaintiff is mistaken.  At the pleading stage, the magistrate judge found that Plaintiff did state a cognizable claim in his fourth amended complaint for denial of access to courts against Defendants Liles, Sherrett, and Cable.

With respect to Plaintiff's "objection" seeking further clarification as to whether he must file a new in forma pauperis application regarding his denial of access to the courts claim against Defendants Liles, Sherrett, and Cable, Plaintiff is reminded that these claims were dismissed, with prejudice, on September 25, 2017 pursuant to the Court's order granting in part and denying in part Defendants' motion to dismiss.  (ECF No. 51.)  Thus, Plaintiff may not revive these claims in

---

[1] On October 10, 2017, Defendants Liles, Sherrett, and Cable filed a motion for summary judgment.  (ECF No. 53.) At this time, the Court expresses no opinion on the merits of the arguments, defenses, or affirmative defenses raised in the pending motion for summary judgment.  Separate findings and recommendations from the assigned magistrate judge will be issued on that motion in due course.

2

this action, or re-file them in a new action.

None of Plaintiff's remaining objections provide a legal basis on which to question the magistrate judge's findings and recommendations. Further, considering the Court's prior ruling on Defendants' motion to dismiss and the pending motion for summary judgment, further leave to amend would be unwarranted, would unduly delay the proceedings and waste judicial resources, and would likely be futile.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on December 20, 2017, (ECF No. 59) are adopted in full;
2. Plaintiff's claims arising out of the alleged deprivation of his property or the administrative appeals process are dismissed from this action for the failure to state a claim upon which relief may be granted;
3. Plaintiff's claims against Defendant Grant are dismissed without prejudice as improperly joined under Federal Rule of Civil Procedure 20; and
4. This action proceeds solely against Defendants Liles, Sherrett, and Cable only on the claim for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers, as alleged in the fourth amended complaint, those claims having been found to be cognizable in the magistrate judge's prior screening orders, (ECF Nos. 22, 59), and the Court's order granting in part and denying in part Defendants' motion to dismiss, (ECF No. 51).

IT IS SO ORDERED.

Dated: __March 2, 2018__  _____
SENIOR DISTRICT JUDGE

3