# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, | Case No. 1:14-cv-00083-AWI-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| LILES, et al., | |
| Defendants. | (ECF No. 53) |
| | **FOURTEEN (14) DAY DEADLINE** |

## FINDINGS AND RECOMMENDATIONS

**I.  Background**

Plaintiff Ivan Lee Matthews ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fourth amended complaint against Defendants Liles, Sherrett, and Cable for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers. (ECF No. 63.)

On October 10, 2017, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that Plaintiff failed to exhaust administrative remedies prior to filing suit.[1] Fed. R. Civ. P. 56(c), <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir.

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for

1

2014) (en banc), cert. denied, 135 S. Ct. 403 (2014). (ECF No. 53.) On November 3, 2017, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 57.) Defendants filed a reply on November 9, 2017. (ECF No. 58.) The motion is deemed submitted. Local Rule 230(l).

**II.     Legal Standard**

    **A.     Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216 (2007); Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue

---

summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 54.)

of exhaustion remains with Defendants. Id. (quotation marks omitted).

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.    Discussion**

**A.     Summary of CDCR's Administrative Review Process**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." Id. at § 3084.1(a).

The process is initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. Id. at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. Id. at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. Id.

Three levels of review are involved—a first level review, a second level review and a third level review. Id. at §§ 3084.5(c)–(e), 3084.7. Bypassing a level of review may result in rejection of the appeal. Id. at § 3084.6(b)(15). Under the PLRA, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. See Barry v. Ratelle, 985 F.Supp. 1235, 1237–38 (S.D. Cal. 1997).

**B.  Summary of Relevant Allegations**

Plaintiff is currently housed at Salinas Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names the following defendants: (1) Sgt. R. Liles; (2) Officer J. Sherrett; and (3) Officer J. Cable.

Plaintiff alleges: Prior to Plaintiff's transfer to CCI, he was pursuing civil rights actions and habeas petitions in Monterey County Superior Court, Kings County Superior Court and the California Court of Appeal.

On April 4, 2012, Plaintiff transferred to CCI. At that time, Defendant Liles was a correctional sergeant and Defendants Sherrett and Cable were property officers.

On April 19, 2012, Defendants Liles, Sherrett and Cable obstructed Plaintiff's right to pursue civil rights actions and habeas corpus petitions in Monterey County Superior Court, Kings County Superior Court and the California Court of Appeal. Defendants took this adverse action against Plaintiff as retaliation, which caused actual injury by the dismissal of his court cases.

4

Plaintiff alleges that he was unable to meet the courts' time limitations to file a response because he was deprived of 1,500 to 2,000 pages of his trial transcripts, 6 briefs and 2 habeas corpus petitions that were required to be used in his cases after he was processed into CCI.

On April 19, 2012, Plaintiff talked to Defendants Sherrett and Cable about the deprivation of trial transcripts, briefs, and habeas corpus petitions. Plaintiff told Defendants that he had pending court deadlines to meet and needed possession of his legal and personal property. Defendants reportedly responded that Plaintiff did not have "shit coming" and if he wanted the items, then he should appeal or get it through the courts, since he knows how to sue people.

In June 2012, Plaintiff spoke to Defendant Liles about the refusal of Defendants Sherrett and Cable to return the trial transcripts, briefs, and habeas petitions. Plaintiff also told Defendant Liles about his pending court deadlines. Defendant Liles indicated that he knew of Plaintiff's situation. Plaintiff asked if Defendant Liles was going to have Plaintiff's legal materials and property returned due to imminent and overdue court deadlines. Defendant Liles responded that it was not his problem and Plaintiff should 602 appeal it.

On April 20 and 23, 2012, Plaintiff submitted CDCR 22 Request for Interview, Item or Service Form addressed to Defendants Liles, Sherrett and Cable requesting that they return him trial transcripts, briefs, and habeas corpus petitions. Plaintiff did not receive a response.

On May 20, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett and Cable to the appeals coordinators. Plaintiff did not receive a response.

On or about June 18 or 19, 2012, Plaintiff submitted another staff complaint/602 appeal against Defendants Liles, Sherrett, and Cable. On July 12, 2012, Plaintiff received a 602 rejection at the first level. On July 14, 2012, Plaintiff resubmitted the staff complaint/602 appeal with the corrective action necessary as requested. On July 26, 2012, Plaintiff received another 602 rejection at the first level.

On July 25, 2012, Plaintiff submitted a staff complaint/602 appeal against Defendants Liles, Sherrett, and Cable to the third level of appeal. On August 22, 2012, the staff complaint was rejected.

///

Plaintiff alleges that Defendants deprived him of his legal papers in retaliation for his filing grievances and law suits.

**C.     Undisputed Material Facts (UMF)[2]**

1. At all times relevant to the allegations in the Fourth Amended Complaint ("FAC") and during the filing of the original Complaint and the FAC, Plaintiff Ivan Matthews (H69338) was a state inmate under the custody of the California Department of Correction and Rehabilitation ("CDCR").  (ECF Nos. 1, 18.)

2. On January 21, 2014, Plaintiff initiated the present lawsuit by filing the Complaint, pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

3. On May 28, 2015, Plaintiff filed the operative FAC.  (ECF No. 18.)  The Court has since dismissed all claims asserted in the FAC except for Plaintiff's First Amendment retaliation claim against Defendants Liles, Sherrett, and Cable based on the alleged deprivation of legal papers.  (ECF Nos. 18, 22, 49, 51.)

4. The incidents described in the FAC that form the basis of the sole remaining claim allegedly took place while Plaintiff was an inmate at California Correctional Institution ("CCI") in Tehachapi, California.  (ECF No. 18.)

5. At the time of the incidents underlying the remaining claims, Defendants Liles, Sherrett, and Cable were employees of CCI.  (ECF No. 18.)

6. On or around December 13, 2012,[3] the CDCR Office of Appeals, located in Sacramento, California, accepted for review Plaintiff's CDCR Form 602 Appeal Log No. SVSP-12-01531.  (Voong Decl., ¶ 12 & Ex. A.)  In that appeal, which was sent to Salinas Valley

---

[2] ECF No. 53-2.  Plaintiff did not provide a separate statement of undisputed facts in his opposition.  Local Rule 260(a).  As a result, Defendants' Statement of Undisputed Material Facts in support of their motion for summary judgment is accepted except where brought into dispute by Plaintiff's verified Fourth Amended Complaint and Opposition to the motion for summary judgment.  See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions).  Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

[3] Defendants' Statement of Undisputed Facts indicates that Appeal Log No. SVSP-12-01531 was accepted for review on or around December 13, 2013.  (ECF No. 53-2, ¶ 6.)  However, upon review of the Declaration of M. Voong and the attached exhibits, it appears the appeal was accepted for review on December 13, 2012.

State Prison ("SVSP") for first level review, Plaintiff complained about property missing during his transfer from SVSP to CCI. (Id. ¶ 12 & Ex. B.) Specifically, Plaintiff complained that items of personal property (e.g. showers shoes, eyeglasses) were missing or damaged. (Id.) Plaintiff also claimed that "over 1,000 pages of my attorneys trial transcripts" and writ petitions have been damaged in that they "have been taken out of their original covers and 'all' have been 'mixed together.' " (Id.)

7. On February 22, 2013, the OOA denied Appeal Log No. SVSP-12-01531. (Voong Decl., ¶ 12 & Exs. A, B.)

**D.  Discussion**

Defendants argue that Plaintiff did not exhaust his administrative remedies because Plaintiff did not file an appeal regarding the retaliation claim against Defendants. Specifically, Defendants contend that Appeal Log No. SVSP-12-01531 alleged wrongdoing by employees of SVSP, not CCI, and all of the Defendants were employees at CCI. In addition, Plaintiff's grievance only complains that his legal papers have been damaged by being "mixed together," but mentions nothing about retaliation for filing grievances.

The Court finds that Defendants have carried the burden to demonstrate that there was an available administrative remedy, but Plaintiff failed to exhaust that remedy in connection with his retaliation claim against Defendants.

The burden therefore shifts to Plaintiff to demonstrate that the existing and generally available administrative remedy was effectively unavailable to him. The Court finds that Plaintiff has failed to carry this burden. In opposition, Plaintiff has attached an appeal regarding retaliation that was submitted on July 25, 2012. The appeal was rejected at the third level on August 22, 2012, because Plaintiff apparently submitted the appeal directly to the third level, bypassing the earlier levels of review. (ECF No. 57, pp. 3-4.) Plaintiff also contends that Appeal Log No. SVSP-12-01531 exhausts his administrative remedies because in that grievance he complained that SVSP officials were failing to return his legal property, and demanded compensation for any lost or damaged property. (Id. at 2.)

///

The appeals referenced in Plaintiff's opposition cannot serve to exhaust his administrative remedies in this action, as one was improperly submitted directly to the third level of review, and the other did not adequately place prison officials on notice of Plaintiff's concerns regarding retaliation.

Plaintiff has not otherwise demonstrated that the available administrative remedies were rendered unavailable to him through no fault of his own. See Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to exhaust excused where he took reasonable and appropriate steps to exhaust and was precluded, not through his own fault, but by the Warden's mistake); see also Albino, 747 F.3d at 1173 (exhaustion may be excused if prisoner reliably informed that the remedy was not available to him); Nunez, 591 F.3d at 1225-26; Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (district court erred in dismissing complaint for failure to exhaust administrative remedies because the prisoner had been informed that he was not permitted to appeal the decision); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate not required to file an appeal after being "told unequivocally that appeal . . . was precluded"). Despite Plaintiff's allegations in the FAC that he submitted various other requests for his property and staff complaints and received no responses, Plaintiff has not otherwise argued that these appeals related to his retaliation claim and could serve to exhaust his administrative remedies in this action.

Based on these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his retaliation claim against Defendants and that he should not be excused from the failure to exhaust.

**IV.     Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies, (ECF No. 53), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 5, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE