# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>        Plaintiff,<br><br>    v.<br><br>LILES, et al.,<br><br>        Defendants. | Case No. 1:14-cv-00083-AWI-BAM (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATIONS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 53, 64) |

      Plaintiff Ivan Lee Matthews ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fourth amended complaint against Defendants Liles, Sherrett, and Cable for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On September 6, 2018, the Magistrate Judge issued findings and recommendations that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies be granted. (ECF No. 64.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen

(14) days after service. (Id. at 8–9.) Plaintiff filed objections on September 19, 2018. (ECF No. 66.) No other objections were filed.

In his objections, Plaintiff argues that summary judgment is inappropriate because he submitted CDCR Form 22 Requests and additional CDCR 602 Appeals, none of which were responded to or returned to Plaintiff. In addition, Defendants failed to list those appeals and requests in their motion for summary judgment. Plaintiff contends that these missing appeals and requests demonstrate that he exhausted all administrative remedies as were available to him, and were sufficient to put Defendants on notice of their unconstitutional conduct and retaliation. (Id.)

First, a CDCR Form 22 is a form that inmates use to request interviews with staff and/or request items or services through a written procedure. 15 Cal. Code Regs. § 3086(a); Jones v. Lowder, 2018 U.S. Dist. LEXIS 65475, *16 (E.D. Cal. Apr. 18, 2018). A Form 22 is not the equivalent of filing an inmate appeal/Form 602 appeal and does not constitute exhaustion of administrative remedies. Jones, 2018 U.S. Dist. LEXIS 65475 at *16; Packnett v. Alvarez, 2017 U.S. Dist. LEXIS 154486, *48-*49 (N.D. Cal. Sept. 21, 2017); Johnson v. Sweeney, 2015 U.S. Dist. LEXIS 139305, *16 (E.D. Cal. Oct. 13, 2015); Pelayo v. Hernandez, 2015 U.S. Dist. LEXIS 105521, *19 (N.D. Cal. Aug. 11, 2015); Coreno v. Armstrong, 2011 U.S. Dist. LEXIS 118313, *24 (S.D. Cal. July 29, 2011). Plaintiff's objections with respect to his submitted Form 22 requests are overruled.

Second, Plaintiff identifies a number of Form 602 Appeals that he alleges were submitted but were either rejected or the lower level review refused to respond back to Plaintiff or return the appeals back, thereby exhausting his remedies. See Doc. No. 66 at pp. 3, 5. Under the "Background" section of his objection, Plaintiff identifies three Form 602 appeals dated 7-14-12, 7-19-12 and 7-25-12 and alleges that the all were "rejected" without further elaboration. See id. at p.3. Under the "Discussion" section, Plaintiff identifies four different Form 602 Appeals: (1) dated 6-26-2012 Log No. CCI-0-12-01607; (2) dated 7-12-2012 Log No. CCI-0-12-01786; (3) dated 7-14-2012, no log number provided; and (4) dated 7-25-2012 "third level review - #TLR 1201298. Id. at p.5. Plaintiff states that these Form 602 Appeals show that he did not bypass the lower level of review, rather the lower level of review refused to respond back to him and return

his appeals, which resulted in exhaustion. Id. Plaintiff's objections also reference his verified complaint. The active complaint is the Fourth Amended Complaint ("FAC"), which is verified. In relevant part, the FAC alleges that on May 20, 2012, he filed a Form 602 Appeal against Liles, Sherrett, and Able regarding obstruction to access to courts and denial of property without due process, but he did not receive a response. See FAC at 6:13-17. Plaintiff then alleges that on or about June 16 or 19, 2012, he filed another Form 602 Appeal against Liles, Sherrett, and Cable, but that appeal was rejected and screened at the first level on July 12, 2012. See id. at 6:17-20. Plaintiff then resubmitted that appeal on July 14, 2012 with the necessary corrective action that had been requested. See id. at 6:20-22. On July 26, 2012, Plaintiff states that he received another rejection and screening at the first level. See id. at 6:22-23. Also on 7-14-12, Plaintiff submitted a Form 602 Appeal against the appeals coordinators for conspiring with Liles, Sherrett, and Cable to deprive him of his right to access to courts. See id. at 6:23-26. Plaintiff states that his complaints, grievances, and appeals were never answered or resolved, but were lost or destroyed. See id. at 7:25-26.

Initially, the third level appeal dated 7-25-12 does not fulfill the exhaustion requirement. As the F&R correctly explained, that appeal improperly bypassed first and second level appeals and thus, could not exhaust administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 90 (2006); 15 Cal. Code Reg. § 3084.6(b)(15). With respect to the remaining Form 602 Appeals, the verified FAC and the objections (which were also sworn under penalty of perjury), suggest that Plaintiff submitted several Form 602 Appeals that were not processed and those appeals involved the actions of Liles, Sherrett, and Cable. However, Plaintiff's sworn submissions are unclear. As described above, for some appeals, he provides a log number, other appeals he does not. Some dates for filing the Form 602 Appeals are consistent in both the objections and the FAC, while others appear in only one or the other. Some Form 602 Appeals describe the nature of the grievance, but most do not. One of the Form 602 Appeals (apparently the June 16 or 19, 2012 appeal)[1] was screened and rejected, but Plaintiff attempted to correct the deficiency. The

---

[1] Based on the FAC, it is possible that the 6-26-12 Form 602 Appeal identified in Plaintiff's objections is the same as this June 16 or 19, 2012 Form 602 Appeal identified in the FAC.

corrected appeal resubmitted, but was again screened and rejected. Plaintiff does not explain why the resubmitted appeal was screened and rejected, if he attempted to take corrective or other appellate actions. In other words, Plaintiff's submissions are unclear.

Under the circumstances, the Court concludes that additional information from Plaintiff is necessary. Although Plaintiff's opposition to summary judgment did not cite or rely on any of the Form 602 Appeals identified in the FAC or the objections (with the exception of the 7-25-18 third level appeal), because of Plaintiff's pro se status and the verified nature of the FAC and the objections, the Court finds that it is appropriate to give Plaintiff one more opportunity to show that there is a genuine dispute regarding exhaustion. Plaintiff will be ordered to submit a supplemental opposition that addresses exhaustion. In particular, Plaintiff shall separately identify each Form 602 Appeal that he claims he submitted in relation to the subject matter of this lawsuit. Plaintiff will explain what the appeal grieved, and specifically how it relates to the claim of retaliation in this case. If Plaintiff has copies of these Form 602 Appeals, he shall submit copies to the Court; if he does not have copies, he shall explain why he does not have copies. For each Form 602 Appeal identified, Plaintiff will state how he submitted the appeal, the date he submitted the appeal, whether he has a log number for the appeal, and what happened with the appeal. For each Form 602 Appeal in which Plaintiff claims that he received a response or rejection from the prison/appeals coordinator, Plaintiff shall explain that response and the rejection and describe what actions he took following receipt of the response or rejection. Plaintiff shall also include copies of the response or rejection. Upon receipt of this information, the Defendants will be given the opportunity to file a reply.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (Doc. No. 64) is ADOPTED in part;
2. Defendants' motion for summary judgment (Doc. No. 53) is GRANTED IN PART and partial summary judgment is granted in favor of Defendants on the issues of whether Plaintiff's July 25, 2012 appeal to the third level and Form 602 Appeal No. SVSP-12-

4

01531 serve to exhaust administrative remedies with respective to the claim at issue;

3. At this time, the Court declines to grant full summary judgment to Defendants;

4. Within fourteen (14) days of service of this order, Plaintiff shall file a supplemental opposition to Defendants' motion for summary judgment, as described above;

5. Within fourteen (14) days of service of Plaintiff's supplemental opposition, Defendants shall file a reply; and

6. Failure of Plaintiff to timely file a supplemental opposition will result in a full grant of summary judgment in favor of Defendant and the closure of this case.

IT IS SO ORDERED.

Dated: September 28, 2018

_____
SENIOR DISTRICT JUDGE