# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br><br>              Plaintiff,<br><br>    v.<br><br>LILES, et al.,<br><br>              Defendants. | Case No. 1:14-cv-00083-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 64) |

Plaintiff Ivan Lee Matthews ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fourth amended complaint against Defendants Liles, Sherrett, and Cable for retaliation in violation of the First Amendment arising from the denial of Plaintiff's legal papers. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 6, 2017, the Magistrate Judge issued Findings and Recommendations that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies be granted. (ECF No. 64.) Plaintiff filed objections on September 19, 2018. (ECF No. 66.) No other objections were filed.

In his objections, Plaintiff argued that summary judgment was inappropriate because he submitted four CDCR Inmate 22 Request forms and three CDCR 602 Appeals between April 23,

1

| 1  | 2012 and July 14, 2012, none of which were responded to or returned.  In addition, Defendants
| 2  | failed to list those appeals and requests in their motion for summary judgment.  Plaintiff
| 3  | contended that these missing appeals and requests demonstrated that he exhausted all
| 4  | administrative remedies as were available to him, and were sufficient to put Defendants on notice
| 5  | of their unconstitutional conduct and retaliation.  (Id.)
| 6  | On September 28, 2018, the undersigned adopted the Findings and Recommendations in
| 7  | part, concluding that additional information from Plaintiff was necessary to determine whether
| 8  | there is a genuine dispute regarding exhaustion.  (ECF No. 67.)  The Court overruled Plaintiff's
| 9  | objections regarding his CDCR Form 22s, noting that the filing of a Form 22 does not constitute
| 10 | exhaustion of administrative remedies.  The Court also found that Plaintiff's appeal dated July 25,
| 11 | 2012, submitted directly to the third level of review, did not fulfill the exhaustion requirement.
| 12 | However, in light of Plaintiff's allegations that numerous appeals were never answered or
| 13 | resolved, and Plaintiff's pro se status, the Court granted Plaintiff an opportunity to file a
| 14 | supplemental opposition to the motion for summary judgment providing more information to
| 15 | identify each Form 602 Appeal that he claimed to have filed in relation to the subject matter of
| 16 | this lawsuit.  (Id.)  Plaintiff's supplemental opposition was filed on October 12, 2018, (ECF No.
| 17 | 68), and Defendants filed their reply on October 26, 2018, (ECF No. 69).
| 18 | First, Plaintiff reiterates his argument that the multiple Form 22s that he submitted are
| 19 | equivalent to the filing of an inmate appeal, because they are "required" to be filed before an
| 20 | inmate can file a 602 Appeal form.  Plaintiff is incorrect.  The regulations governing the
| 21 | submission of Form 22s explicitly provide that, "[a]s the written request process does not stay the
| 22 | time constraints for filing an appeal, the inmate or parolee is not precluded from filing an appeal
| 23 | on the same issue prior to receiving a response to their written request."  15 Cal. Code Regs.
| 24 | § 3086(e)(2).  The Court already rejected this argument in the September 28, 2018 order adopting
| 25 | the Findings and Recommendations in part.  Plaintiff's objection is again overruled.
| 26 | Second, Plaintiff argues that he submitted a grievance on May 20, 2012, which named
| 27 | Defendants Sherret and Cable, was filed and submitted, but was never returned.  (ECF No. 68, pp.
| 28 | 3, 6–7.)  Defendants argue that the appeal fails to properly exhaust administrative remedies

because it does not identify the wrongdoers or provide enough information to allow prison officials to identify them, Plaintiff provided no evidence that he ever submitted the appeal, and that even if the appeal was submitted without a response Plaintiff failed to appeal the alleged failure to respond. (ECF No. 69, pp. 2–3.) The Court agrees. While the appeal identifies "4B Property Officers (Sherret & Cable)" as the officers who provided Plaintiff with his allowable property and a receipt for his non-allowable property, it does not identify whether these officers are the persons Plaintiff believes are responsible for the alleged destruction and damage to Plaintiff's property. Further, even taking as true Plaintiff's assertion that the appeal was submitted but never returned, Plaintiff has provided no explanation as to what actions, if any, that he took following the prison's failure to process his appeal.

Plaintiff next asserts that he submitted an appeal on June 26, 2012 (Log No. CCI-0-12-01607), naming 4B Property Sergeant Liles, which was rejected on July 12, 2012 at the first level of review. (ECF No. 68, pp. 9–11.) The screening letter informed Plaintiff that the appeal was rejected because it failed to state facts or specify an act or decision consistent with his general allegation of staff misconduct. The letter also directed Plaintiff to file a separate appeal outlining his property issues. (Id. at 9.) Plaintiff argues that he submitted another 602 with corrections, but the appeal was never returned. (Id. at 3.) However, Plaintiff received a second rejection letter regarding Appeal Log No. CCI-0-12-01607 on July 26, 2012, which again stated that the appeal failed to state facts or specify an act or decision consistent with the general allegation, and directed Plaintiff to follow the instructions provided by the July 12, 2012 rejection. (Id. at 13.) It appears that this letter was in response to Plaintiff's attempt to submit a corrected appeal.

The Court cannot find, and Plaintiff does not argue, that prison officials screened out the grievance for reasons inconsistent with or unsupported by applicable regulations. Sapp v. Kimbrell, 623 F.3d 813, 823–24 (9th Cir. 2010). The appeals coordinator explicitly cited to 15 Cal. Code. Regs. § 3084.6(b)(6) in both rejections, and a review of Appeal Log No. CCI-0-12-01607 supports the decision. The factual allegations in the grievance with respect to the retaliation claims in this action are conclusory at best, and identify only "CCI's prison employees" as those responsible for the retaliation. In addition, Plaintiff fails to provide any

3

explanation of his actions regarding the second rejection, or why he did not submit a separate appeal regarding his belief that prison officials had never responded to his corrected 602. Thus, this appeal also cannot serve to exhaust his administrative grievances.

Finally, Plaintiff again references the appeal dated July 25, 2012, TLR# 1201298, which was submitted directly to the third level of review and rejected on that basis. As discussed in the Findings and Recommendations and the Court's September 28, 2018 order, this appeal improperly bypassed the first and second levels of review and cannot serve to exhaust Plaintiff's administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 90 (2006); 15 Cal. Code Reg. § 3084.6(b)(15).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are granted summary judgment in full, for Plaintiff's failure to exhaust administrative remedies; and
2. Judgment shall be entered in favor of all Defendants, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  January 8, 2019                              _____
                                                    SENIOR DISTRICT JUDGE

4